**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5197**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

EDWARD BLAINE MINTZ, a/k/a Edward Blain Mintz,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:08-cr-00040-LHT-1)

Submitted: April 12, 2010        Decided: April 29, 2010

Before NIEMEYER, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dennis Gibson, LAW OFFICE OF DENNIS GIBSON, Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Edward Blaine Mintz pled guilty to conspiracy to possess with intent to distribute more than fifty grams of cocaine base (Count 1), in violation of 21 U.S.C. § 846 (2006), and possession of a firearm during and in relation to a drug trafficking crime (Count 3), in violation of 18 U.S.C. § 924(c) (2006). The district court granted the Government's motion for downward departure based upon substantial assistance, see U.S. Sentencing Guidelines Manual § 5K1.1, p.s. (2007), and sentenced Mintz to forty-one months of imprisonment on Count 1, the bottom of the advisory guidelines range.[1] On appeal, Mintz's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal but questioning whether counsel in the district court provided ineffective assistance. Mintz was informed of his right to file a pro se supplemental brief but has not done so. Finding no reversible error, we affirm.[2]

---

[1] Mintz also received a sixty-month consecutive sentence on Count 3, which he does not challenge in this appeal.

[2] We note that, on appeal, the Government has not relied on the waiver-of-appellate-rights provision in the plea agreement. Thus, we will conduct our review pursuant to Anders. United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007); see United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Appellate counsel suggests that trial counsel provided ineffective assistance by failing to be present at Mintz's interviews with law enforcement and by misinforming Mintz of the possible sentence he faced. This court "may address [claims of ineffective assistance] on direct appeal only if the lawyer's ineffectiveness conclusively appears from the record." United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Because Mintz's claims do not meet this high standard, we decline to review them on direct appeal.

Finally, we held Mintz's case in abeyance for our decision in United States v. Lynn, 592 F.3d 572 (4th Cir. 2010), regarding the adequacy of the district court's explanation of the chosen sentence.[3] We have reviewed this issue for plain error. Lynn, 592 F.3d at 579-80. "To establish plain error, [Mintz] must show that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights." Id. at 577. If Mintz establishes these requirements, this court "may exercise its discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted). Even assuming that the district court in

---

[3] We note that, when sentencing Mintz, the district court did not have the benefit of our most recent sentencing decisions.

3

this case committed error that was plain, Mintz has not demonstrated on appeal that the error "had a prejudicial effect on the sentence imposed." Id. at 580.

In accordance with Anders, we have reviewed the record for any meritorious issues and have found none. We therefore affirm the district court's judgment. We deny counsel's motion to withdraw at this time. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4